B. Elliot Grysen
GRYSEN & ASSOCIATES
424 Oak Street
Spring Lake, MI 49456
(616) 847-2121
(616) 847-6208 (facsimile)
State Bar No. 011871
elliot@grysenlaw.com
Counsel for Plaintiff

JoJene Mills
Law Office of JoJene Mills, P.C.
1670 East River Road, Suite 270
Tucson, Arizona 85718
(520)529-3200
(520)529-3113 (facsimile)
jmills@jmillslaw.com
Co-Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| OSCAR JIMENEZ, individually, and on behalf of the statutory beneficiaries of IRIS JIMENEZ, DECEDENT<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No._____<br><br><br><br><br><br>COMPLAINT |

Oscar Jimenez, individually and on behalf of all statutory beneficiaries of Iris Jimenez, Deceased, ("Plaintiff") by undersigned counsel respectfully alleges as follows:

1. Plaintiff resides within the State of Arizona.

2. El Rio Community Health Center (hereinafter "El Rio") is in Tucson, Arizona and is a health center maintained through the authority of the Department of Health & Human Services of the United States government.

3. At all times relevant hereto, Arthi Divya Senra, M.D. (hereinafter "Dr. Senra") was a physician employed by El Rio Community Health Center.

4. The United States of America is a body politic and through Congress of the United States of America, authorized its administrative agency, Health and Human Services, to federally support certain health centers pursuant to the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), including El Rio.

5. This action arises under, and this Court has jurisdiction over Plaintiff's claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671, et seq.

6. At the time of the events set forth herein, El Rio and Dr. Senra were employees, servants, and or agents of Defendant and were acting within the course and scope of their employment or agency.

7. On March 10, 2017, Plaintiff properly filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2401 (b), 2671-2680.  A denial of the claim was sent by letter on November 15, 2017, by the Department of Health and Human Services and was received via certified mail return receipt requested by undersigned counsel on December 1, 2017.

8. On or about June 10, 2016, Dr. Senra at El Rio failed to test, diagnose and treat Iris Jimenez resulting in her death on June 11, 2016.

9. The decedent, Iris Jimenez, is survived by her three (3) adult children Oscar Jimenez, Eva Jimenez-Galvan, Ana Jimenez;  and her mother Eva Jerez.

10. Pursuant to the doctrine of Respondeat Superior, Defendant is responsible for the acts of its employees, servants and/or agents, including El Rio and Dr. Senra.

11. Defendant, by and through its agents and or employees had undertaken to provide health and medical care to Iris Jimenez and was negligent in the performance of its duties in failing to test, diagnose and treat Iris Jimenez.

12. As a direct and proximate result of the negligence of Defendant, Iris Jimenez died.

13. As a further direct and proximate result of the negligence of the Defendant, Plaintiff and all statutory beneficiaries have suffered and will continue to suffer the loss of love, affection, companionship, care, support, protection, comfort, guidance provided by Iris Jimenez to her children and Mother. Plaintiff and all statutory beneficiaries will continue to suffer pain, grief, sorrow, anguish, stress, and mental and emotional suffering as a result of the death of Iris Jimenez, caused by the negligence of Defendant.

14. As a further direct and proximate result of the negligence of Defendant, Plaintiff has incurred burial and funeral expenses.

15. The Defendant, by and though its agents and/or employees, owed a duty to Iris Jimenez to exercise that degree of reasonable care, skill and prudence possessed by other licensed health care providers under the same or similar circumstances.

16. Defendant negligently breached its duty to Iris Jimenez, Deceased and Plaintiff which resulted in the death of Iris Jimenez and the damages continued to be suffered by Plaintiff and all statutory beneficiaries.

17. The care, treatment, management, supervision, and practices by the Defendant, by and through its agents and/or employees, in its care and treatment of Iris Jimenez, were negligently, carelessly and unskillfully performed.  The Defendant fell below the standard of care and skill expected of health care providers in the same or similar circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in the amount to be proven at trial;
2. For special damages, including but not limited to past and future expenses, and all other expenses associated with the death of Iris Jimenez;
3. For Plaintiff's costs herein; and
4. For some other and further relief as the court deems fair and appropriate and available pursuant to the Federal Tort Claims Act.

Dated this 16th day of January, 2018.   */s/ B. Elliot Grysen*
B. Elliot Grysen
Counsel for Plaintiff

C:\Users\Natalie\Desktop\JIMENEZ\COMPLAINT FINAL.wpd